UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DANA D. JACKSON and JACKSON AMERICAS SRVCS, LLC, | Case No. 19-CV-2325 (JNE/KMM) |
| Plaintiffs, | |
| v. | **ORDER** |
| CINDY LYCOS, SHADI JALLAD, JESSICA SCHULTZ, MARILYN LISZKA, CITIBANK OF VERNON HILL, and CITIBANK OF OAK ST. CHICAGO, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' (1) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 (IFP Application); and (2) request for injunctive relief, ECF No. 3 (Injunction Request). For the following reasons, the Court grants the IFP Application and denies the Injunction Request.

Given the financial information in the IFP Application, the Court grants that application to the extent that it seeks *in forma pauperis* (IFP) status for Plaintiff Dana D. Jackson.[1] As for the Injunction Request, the Court notes as a threshold point that it is

---

[1] It is unclear whether the IFP Application seeks IFP status for Plaintiff Jackson Americas Srvcs, LLC. The IFP Application's caption does not list that entity, but the Court notes that in an IFP application Jackson filed in another recent case, she did put organizational entities into the caption. *See, e.g.*, Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs 1, *Jackson v. Wells Fargo*, No. 19-CV-2326 (NEB/BRT) (D. Minn. Aug. 22, 2019). To the extent the IFP Application seeks IFP status for Jackson Americas Srvcs, LLC, the Court denies it. The entity's name suggests that it is a limited-liability company

unclear whether Plaintiffs seek a temporary restraining order (TRO), a preliminary injunction, or both. *See generally* Injunction Request. In any event, the Court denies the request for two reasons—one procedural, one substantive. The procedural reason is that under Federal Rule of Civil Procedure 65, a party seeking a TRO or a preliminary injunction must meet certain procedural requirements. Rule 65(a)(1) permits a court to issue a preliminary injunction "only on notice to the adverse party." And Rule 65(b)(1) requires, among other things, that a party seeking a TRO must "certif[y] in writing any efforts made to give notice [to the adverse party] and the reasons why it should not be required." The Injunction Request does not meet either guideline, so no matter what form of injunctive relief it seeks, the Court cannot grant it.

The Injunction Request also fails because Plaintiffs do not make the needed substantive showing. To successfully request a TRO or a preliminary injunction, the burden of persuasion is on the movant, and the court considers four factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the

---

(LLC). Jackson cannot represent an LLC: she is proceeding *pro se*, she does not indicate that she is a lawyer, and nonlawyers acting *pro se* cannot represent LLCs. *See, e.g.*, *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (citing cases); *United States v. Johnson*, No. 16-CR-0193 (WMW/BRT), 2019 WL 913161, at *4 (D. Minn. Feb. 25, 2019) (citing authorities), *supplemented on different issue*, 2019 WL 1036001 (D. Minn. Mar. 5, 2019). The Court further observes that this same point almost certainly dooms any claims in the Complaint (ECF No. 1) to the extent they are brought on behalf of Jackson Americas Srvcs, LLC. For present purposes, however, the Court need not— and so does not—decide the point. Nor need the point be decided for the Injunction Request; as discussed below, the Court is denying that motion in its entirety for other reasons.

probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc); *see also Abi v. Barr*, No. 19-CV-1033 (PAM/TNL), 2019 WL 2463036, at *1 (D. Minn. June 13, 2019) (citing *Dataphase Systems*); *cf. Abi*, WL 2463036, at *1 ("The standard for issuing a TRO or a preliminary injunction is the same." (quoting *C.S. McCrossan Constr., Inc. v. Minn. Dep't of Transp.*, 946 F. Supp. 2d 851, 857 n.10 (D. Minn. 2013)). The Injunction Request makes no effort whatsoever to discuss the *Dataphase* factors. As a result, Plaintiffs have not met their burden of showing that injunctive relief is merited.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, is **GRANTED** with respect to Plaintiff Dana D. Jackson (but **DENIED** to the extent it seeks *in forma pauperis* status for Plaintiff Jackson Americas Srvcs, LLC).

2. Plaintiffs' request for injunctive relief, ECF No. 3, is **DENIED**.

Dated: August 28, 2019

s/ Joan N. Ericksen
Joan N. Ericksen
United States District Judge